UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-97-BO-RJ

| | |
|---|---|
| EDWARD ILLSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| TRUIST BANK, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on defendant's motion to dismiss [DE 8] for failure to state a claim. Plaintiff has responded and, in this posture, the matter is ripe for adjudication.

## BACKGROUND

In 2022, Edward Illsley suffered a stroke. While he recovered, his caretaker, Jessica Ivey, began using his debit card to withdraw cash from an ATM. The first violation occurred on March 7, 2022, when $160 was withdrawn from his Truist Bank account via ATM #0503. Over the next six weeks, cash was periodically withdrawn from that same ATM. In total, Illsley alleged that Ivey stole $36,000.

When Illsley discovered the theft, he filed a complaint with the Cumberland County Police Department. That matter is still pending. Plaintiff allegedly provided a notarized affidavit to Truist Bank notifying them of the fraud. He did not state when he provided them with that affidavit. However, he produced a handwritten note, dated July 22, 2022, that he claimed is "similar to what was given to the Bank." [DE 1-1]. Truist Bank refused to return the $36,000, so Illsley brought this action under the Electronic Fund Transfer Act (EFTA), seeking the return of the money. *See* 15 U.S.C. § 1693, *et seq*. It is before the Court on Truist Bank's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The complaint must plead sufficient facts to allow the Court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009).

In their motion to dismiss, Truist Bank provided three reasons why the Court should dismiss Illsley's EFTA claim: (1) Illsley failed to identify which provision of the EFTA Truist breached, (2) the ATM withdrawals were authorized transactions outside the scope of the EFTA, and (3) Illsley's suit is barred by his failure to provide notice within 60 days of the theft. None of these arguments are persuasive.

### I.  Illsley's *pro se* complaint is sufficiently specific.

A *pro se* filing must be held to less stringent standards than formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Illsley argues that the EFTA requires that

2

Truist Bank return his $36,000. Truist argues that Illsley's complaint should be dismissed because it failed to specify which exact provision of the EFTA was allegedly violated. Reading plaintiff's *pro se* complaint liberally, this Court finds it sufficiently specific to survive the motion to dismiss.

## II. Truist presents no evidence the ATM transactions were authorized.

The EFTA does not hold banks liable for transfers (i.e. ATM withdrawals) made with the consumer's authorization. Plaintiff alleges that his caretaker, Jessica Ivey, withdrew the cash without authorization. [DE 1]. It is plausible that Ivey stole Illsley's debit card and discovered his PIN. Therefore, this Court disagrees with Truist's assertion that the "only logical inference" is that Illsley gave Ivey access to his debit card. *See Goldhammer v. Hayes*, No. CIV.CCB-08-3405, 2009 WL 1609044, at *3 (D. Md. June 8, 2009). Regardless, "the burden of proof is upon the financial institution to show that the electronic fund transfer was authorized." 15 U.S.C. § 1693g(b). Besides attacking Illsley's version of events, Truist has provided no evidence that Illsley authorized Ivey to perform any financial transfers.

## III. Illsley's failure to provide notice does not bar his claim.

The EFTA requires a customer to give notice of an alleged unauthorized transfer within 60 days of receiving a bank statement containing a record of the unauthorized transfer. 15 U.S.C. § 1693g(a); *see Overby v. Chase Manhattan Bank & J.P. Morgan Chase*, 351 F. Supp. 2d 219, 225 (S.D.N.Y. 2005). When a customer misses that 60-day deadline, the bank is not liable "for losses the financial institution establishes would not have occurred but for the failure of the consumer to report the unauthorized transfers or errors that appear on the statement within sixty days of the statement." § 1693g(a). However, even if the customer misses that deadline, the bank remains liable for unauthorized transactions during the 60-day window. *Camacho v. JPMorgan Chase Bank*, No. 5:14-CV-04048-EJD, 2015 WL 5262022, at *3 (N.D. Cal. Sept. 9, 2015). *Zaidi v. JP*

3

*Morgan Chase Bank, N.A.*, No. 219CV1080DRHARL, 2021 WL 848864, at *4 (E.D.N.Y. Mar. 5, 2021).

On March 15, 2022, Truist transmitted Illsley's bank statement containing a record of the first unauthorized ATM withdrawal. That means Illsley had until May 14, 2022 (sixty days after receiving his bank statement) to report this unauthorized transfer to Truist. *See* 15 U.S.C. § 1693f(a). Because Illsley missed that deadline, Truist argues they do not have to reimburse any of his money.

Missing the deadline means Truist is not liable for losses that "would not have occurred but for the failure" to provide notice. § 1693g(a). But it does not bar Illsley's claim because, irrespective of the deadline, Truist remains liable for authorized transactions during the 60-day window (March 15, 2022 – May 14, 2022). Crucially, Illsley claims all the unauthorized transactions occurred within the 60-day window. Therefore, Truist may be liable for those unauthorized transactions.[1] *Camacho*, 2015 WL 5262022, at *3.

### IV.  There is no constitutional violation.

Illsley's complaint references violations of the Due Process violations of the Fifth and Fourteenth Amendments to the United States Constitution. "[T]he Due Process Clause protects individuals only from governmental and not from private action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982). Any constitutional claims against Truist Bank, a private actor, must be dismissed.

---

[1] Moreover, the 60-day window may be extended in "extenuating circumstances such as [] hospitalization. . . ." 15 U.S.C. § 1693g. Illsley's stroke probably qualifies as an "extenuating circumstance," but the Court need not reach that issue.

4

Case 5:23-cv-00097-BO-RJ   Document 13   Filed 05/26/23   Page 4 of 5

## CONCLUSION

For the foregoing reasons, defendant's motion [DE 8] to dismiss is GRANTED IN PART as to plaintiff's constitutional claims. The remainder of defendant's motion [DE 8] is DENIED.

SO ORDERED, this 26 day of May, 2023.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE