UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00097-BO

| | |
|---|---|
| EDWARD ILLSLEY,<br><br>       Plaintiff,<br><br>vs.<br><br>TRUIST BANK,<br><br>       Defendant. | **PROTECTIVE ORDER** |

Defendant desires to inspect and copy certain information from the investigation file or other files of non-party Cumberland County Sheriff's Office (the "**Sheriff's Office**"), which relate to Plaintiff, Plaintiff's debt, and/or the alleged theft of Plaintiff's credit card (the "**Records**"). The Records are maintained by the Sheriff's Office, and the Sheriff's Office contends that the Records constitute or contain records of criminal investigations and/or records of criminal intelligence information pursuant to N.C.G.S. § 132-1.4 and that the same may be disclosed by order of this Court. Defendant has requested the Records through a subpoena *duces tecum*, and in order to facilitate the discovery process in this action, the terms of this Protective Order will enable the Sheriff's Office to produce the Records in a confidential manner.

Furthermore, good cause exists for the issuance of this Protective Order to permit disclosure of the Records while strictly limiting the use of such information.

IT IS THEREFORE ORDERED:

1.  **The Records**. "Records of criminal investigations" is defined by

1

N.C.G.S. § 132-1.4(b)(1) to mean, in pertinent part, "all records or any information that pertains to a person or group of persons that is compiled by public law enforcement agencies for the purpose of attempting to prevent or solve violations of the law, including information derived from witnesses, laboratory tests, surveillance, investigators, confidential informants, photographs, and measurements." "Records of criminal intelligence information" is defined by N.C.G.S. § 132-1.4(b)(2) to mean "records or information that pertain to a person or group of persons that is compiled by a public law enforcement agency in an effort to anticipate, prevent, or monitor possible violations of the law." The Records may be located in, but not limited to, the following documents or materials: (a) statements, (b) non-public portions of the incident/investigation report, (c) supplemental reports, (d) field notes, (e) interviews, and (f) any other similar documents or materials.

2. **Designation as Confidential Information**. Any Records obtained from the Sheriff's Office that contain or constitute records of criminal investigations or records of criminal intelligence information shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" or a comparable notice, (hereinafter, "**Confidential Information**").

3. **Disclosure Only to Certain Persons/Entities**. In the absence of written permission from the Sheriff's Office or its counsel, or by an order of the Court, any Confidential Information obtained shall not be disclosed to any person other than the following: (a) the party receiving the Confidential Information,

including Defendant's counsel; (b) any person testifying at a deposition or court proceeding in this case or who, in Plaintiff or Defendant's counsel's good faith belief, may be called as a witness in this case; (c) court officials involved in this action and court reporters transcribing proceedings in this action; (d) potential witnesses in this action who have executed and delivered to Plaintiff or Defendant's counsel, prior to receipt or review of any Confidential Information, the Protective Order Confidentiality Agreement in the form attached as Exhibit A. Each Party shall be responsible for obtaining such executed written agreements from all persons to whom they disclose such information.

4. **Duty to Maintain as Confidential**. All persons to whom Confidential Information is disclosed pursuant to this Protective Order shall maintain such information in confidence, shall not use such information for any purpose other than the pending litigation, and shall not disclose such information to any other person except in accordance with this Protective Order, or unless the Court modifies this Protective Order.

   a. **Filing of Confidential Information**. Any Confidential Information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal or as a proposed sealed document pursuant to Section V.G. of the ECF Policy Manual and Paragraph 2 above.

5. **When Restrictions Shall Not Apply**. The restrictions set forth in this Protective Order shall not apply to Confidential Information that:

a. was, is, or becomes disseminated to the public in any way that is not in violation of this Protective Order;

b. is acquired by a third-party having the right to obtain or disclose such Confidential Information;

c. was lawfully possessed or learned by Plaintiff or Defendant's counsel prior to the entry of this Protective Order;

d. is lawfully learned or obtained by a party from sources other than, in addition to, or independent from the Confidential Information produced in this action; or

e. is otherwise required to be disclosed by order of a court of competent or greater jurisdiction.

6. **Inadvertent Disclosure**. If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must as soon as is reasonably possible bring all pertinent facts relating to this disclosure to counsel for the Sheriff's Office and, without prejudice to other rights and remedies of the Sheriff's Office, make every reasonable effort to retrieve the Confidential Information disseminated and to prevent further disclosure of it or by the person who was the recipient of such information.

7. **Storage of Confidential Information**. Unless otherwise ruled upon by the Court or by written permission of counsel for the Sheriff's Office, all Confidential Information subject to this Protective Order shall be stored under the

direct control of Plaintiff or Defendant's counsel who shall be responsible for preventing any disclosure thereof, except in accordance with the terms of this Protective Order. Within sixty (60) days after the conclusion of this action, including appeals, if any, all Confidential Information produced shall be returned to the Sheriff's Office. However, in compliance with Defendant's counsel's ethical obligations to maintain complete client files, following the conclusion of a case, Defendant's counsel shall be allowed to maintain a copy of any Confidential Information in its client files. This Protective Order shall remain in effect after the conclusion of the pending litigation.

8. **No Admissions or Waiver as to Confidentiality.** Nothing in this Protective Order shall be construed as indicating that any materials designated by the Sheriff's Office as confidential are, in fact, entitled to such confidentiality under the law, that any party agrees with the confidentiality designation, or that any party has waived the right to object to such designation.

9. **Modification of this Order.** Any party may at any time seek modification of this Protective Order by motion to the Court for good cause shown and notice to counsel for the Sheriff's Office.

10. **Costs.** Each party shall bear its own costs and expenses in complying with this Order. This provision does not prevent a party from asserting a claim against any other party for any costs or expenses associated with enforcing alleged breach or failure to abide by this Protective Order.

SO ORDERED, this the 17 day of September, 2024.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

The Defendant hereby consents to the foregoing Order.

**POYNER SPRUILL LLP**

By: /s/ Caroline P. Mackie
    Caroline P. Mackie
    N.C. State Bar No. 41512
    cmackie@poynerspruill.com
    Dan G. Cahill
    N.C. State Bar No. 20887
    dcahill@poynerspruill.com
    P.O. Box 1801
    Raleigh, NC 27602-1801
    Tel: (919) 978-6400
    Fax: (919) 783-1075

    *Attorneys for Defendant Truist Bank*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00097-BO-RJ

EDWARD ILLSLEY,

        Plaintiff,

vs.

TRUIST BANK,

        Defendant.

**PROTECTIVE ORDER CONFIDENTIALITY AGREEMENT**

      This is to certify that I have read and am fully familiar with the provisions of the Protective Order entered on _____ \_\_\_\_, 2024, in the above-captioned matter.

      As a condition precedent to my review or handling of any of the documents or other materials containing Confidential Information produced pursuant to the Protective Order or my obtaining Confidential Information contained in said documents or other materials, I hereby agree that the Protective Order shall be deemed to be directed to and shall include me, I shall observe and comply with all of the provisions of the Protective Order, and I submit to the jurisdiction of the United States District Court for the Eastern District of North Carolina for purposes of enforcement of the Protective Order and this Confidentiality Agreement against me.

_____      _____
Signature                                                      Date

_____
Printed Name