UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-97-BO-RJ

EDWARD ILLSLEY, )
)
       Plaintiff, )
v. ) ORDER
)
TRUIST BANK, )
)
       Defendant. )

This matter is before the Court on defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. [DE 42]. Plaintiff has responded, [DE 46; DE 52], defendant has replied, [DE 54], and the matter is ripe for disposition. For the reasons that follow, defendant's motion is granted.

BACKGROUND

Plaintiff alleges that defendant, Truist Bank, violated the Electronic Fund Transfer Act (EFTA), 15 U.S.C. §§ 1693, *et seq.*, when it failed to reimburse plaintiff for funds he alleges were withdrawn from his account at an ATM by an unauthorized user of his ATM card. Plaintiff also brought claims arising under the Fifth and Fourteenth Amendments to the United States, which were dismissed. [DE 13].

Defendant's statement of material facts, to which plaintiff has not responded, provides as follows. [DE 44]; *see* Local Civil Rule 56.1. Plaintiff maintains one checking account with defendant and has one debit card for that account. Plaintiff withdraws money from defendant's Spring Lake Branch ATM. On February 10, 2022, Jessica Ivey withdrew money from plaintiff's account at defendant's Spring Lake Branch ATM, using plaintiff's debit card and PIN number. Plaintiff was in the car with Ms. Ivey at that time. Ms. Ivey was living with plaintiff and helping

to care for him after plaintiff suffered a stroke. Plaintiff and Ms. Ivey co-own a home together and were previously in a romantic relationship. Between March 21, 2022, and April 15, 2022, Ms. Ivey made a series of $500 withdrawals from plaintiff's account using plaintiff's debit card and PIN number. Plaintiff also made withdrawals from his account during this timeframe, sometimes on the same day Ms. Ivey made a withdrawal.

On June 1, 2022, plaintiff reported an alleged theft of his debit card to the Cumberland County Sheriff's Office. The Sheriff's Office investigated and found that it could not determine that Ms. Ivey did not have permission to use plaintiff's debit card. Plaintiff informed the Sheriff's Office that he had given Ms. Ivey permission to use the debit card to buy grocerties.

On June 6, 2022, plaintiff, for the first time, informed defendant that Ms. Ivey did not have authorization to use plaintiff's debit card to withdraw money from plaintiff's account. Defendant then conducted an investigation to dermine whether any unathorized transfers had occurred.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary

judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotation marks and citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (citation omitted). Moreover, Local Civil Rule 56.1 provides that " Each numbered paragraph in the movant's statement of material facts will be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." Local Civil Rule 56.1(a)(2).

The EFTA provides "a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems." 15 U.S.C. § 1693(b). It is undisputed that the ATM withdrawals at issue in this case are governed by the EFTA. Under the EFTA, a financial institution is generally liable for certain unauthorized electronic fund transfers. *See* 15 U.S.C. § 1693g. An "unauthorized electronic fund transfer" is defined by the EFTA as "an electronic fund transfer from a consumer's account initiated by a person other than the consumer without actual authority to initiate such transfer and from which the consumer receives no benefit, but the term does not include any electronic fund transfer (A) initiated by a person other than the consumer who was furnished with the card, code, or other means of access to such consumer's account by such consumer, unless the consumer has notified the financial

3

institution involved that transfers by such other person are no longer authorized . . .." 15 U.S.C. § 1693a(12). Accordingly, summary judgment would not be appropriate if there is a genuine dispute of material fact as to whether Ms. Ivey had actual authority to make the withdrawls or, if Ms. Ivery was furnished with the card and PIN code, plaintiff had notified defendant that withdrawals by Ms. Ivery were no longer authorized but defendant permitted Ms. Ivey to continue making withdrawals.

Plaintiff admitted during his deposition that he and Ms. Ivey drove together to defendant's ATM and that he permitted Ms. Ivey to withdraw funds from his account using the ATM by giving her his debit card and PIN number on February 10, 2022. [DE 45-1] at 78-79; [DE 45-8] at 4. Defendant has proffered evidence, which is uncontroverted, that it first received notice that plaintiff's debit card had been stolen and funds withdrawn from the ATM on June 6, 2022, after the withdrawals at issue in plaintiff's complaint took place. [DE 45-2] ¶ 5. Where a person knowingly allows another to access his account and fails to notify the bank that such permission has been rescinded or that the bank should not honor transactions initiated by that person, no violation of the EFTA has occurred. *Moore v. Southtrust Corp.*, No. 2:04-CV-00391-JBF, 2005 WL 4663636, at *9 (E.D. Va. June 10, 2005), *aff'd,* 172 F. App'x 533 (4th Cir. 2006).

In his first opposition to defendant's motion for summary judgment, plaintiff argues that Ms. Ivey stole his debit card while he slept, that he was not with Ms. Ivey when the card was used, and that plaintiff reported the theft as soon as he found out about it. [DE 46]. Plaintiff's second response in opposition, filed after he received notice pursuant to *Roseboro v. Garrison*, merely states that the defendant is liable for violating the EFTA and that defendant was negligent in its duty to protect plaintiff's funds. [DE 52]. Plaintiff also moved for an extension of time to respond to the motion for summary judgment, arguing that he had not received a copy of defendant's

4

motion. A brief extension was allowed, plaintiff was again provided with *Roseboro* notice, and defendant served plaintiff with its summary judgment filings. Plaintiff failed to respond to the motion for summary judgment within the time provided.

At bottom, plaintiff proffers no evidence which would support his arguments, despite having been warned of the consequences of failing to do so. [DE 51]; [DE 56]. Plaintiff's complaint is unverified, he has failed to respond to defendant's numbered paragraphs in defendant's Local Civil Rule 56.1 statement of material facts, and he has failed to proffer any evidence which would create a genuine issue of material fact as to his claim. Based upon the evidence submitted by defendant and the unsdiputed statement of material facts, there is no genuine issue of material fact as to whether defendant has violated the EFTA. Summary judgment in defendant's favor is therefore appropriate.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion for summary judgment [DE 42] is GRANTED. The Clerk is DIRECTED to enter judgment and close the case.

SO ORDERED, this __24__ day of June 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE